UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

ELEVANCE HEALTH, INC., an
Indiana corporation; ANTHEM
INSURANCE COMPANIES, INC., an
Indiana corporation, BLUE CROSS
AND BLUE SHIELD ASSOCIATION,
an Illinois not-for-profit corporation,

             Plaintiffs,

v.

LIFEX RESEARCH CORPORATION,
a Georgia corporation; BENEFIT
HEALTH PLAN INC., a Wyoming
Corporation; STEPHEN TUCKER, an
individual; RYSZARD BOLKO, an
individual; THERESE HOARD, an
individual; WILLIAM MCCLURE, an
individual; and KRISTIN BULLOCK,
an individual.

             Defendants.

No.: 1:25-cv-03590-WMR

**ORDER GRANTING
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiff Elevance Health, Inc.'s, Plaintiff

Anthem Insurance Companies, Inc.'s, and Plaintiff Blue Cross and Blue Shield

Association's (collectively, "Plaintiffs") Motion for Preliminary Injunction against

Defendants LifeX Research Corporation ("LifeX"), Benefit Health Plan Inc.

("BHPI"), Stephen Tucker, Ryszard Bolko, William McClure, and Kristin Bullock

(collectively, "Defendants")[1].

    On July 2, 2025, Plaintiffs filed a Motion for Temporary Restraining Order

---

[1] Plaintiffs have dismissed without prejudice defendant Therese Hoard.

("TRO") and Preliminary Injunction ("Motion").  Dkt. No. 12.  On July 3, the

Court ordered Defendants to respond to the Motion within 72 hours of formal

service ("72 Hour Order").  Dkt. No. 19.  Plaintiffs personally served the Motion

and 72 Hour Order on all Defendants except Ryszard Bolko, who nevertheless

confirmed he received notice of these documents and agreed to waive personal

service.  Dkt. Nos. 22-25; 29-32; 34, 35 at n. 3.  On July 17, 2025, the Court

entered a TRO enjoining Defendants from, inter alia, using Plaintiffs' ANTHEM,

BLUECARD, BLUE CROSS, or BLUE SHIELD word marks or logos in

connection with the marketing or sale of employee benefit plans or health-

insurance identification cards.  Dkt. No. 33. On July 28, 2025, Defendants LifeX

Research Corporation, Benefit Health Plan Inc., Stephen Tucker, Ryszard Bolko,

William McClure, and Kristin Bullock filed a response that indicated they dispute

the claims against them but do not oppose converting the TRO into a preliminary

injunction. Dkt. No. 41.

Having considered the record and the non-opposition of Defendants, the

Court GRANTS Plaintiffs' Motion for Preliminary Injunction.  It is hereby

ORDERED:

    1.    **Continuation of Injunctive Relief.**

The prohibitions set forth in the TRO entered on July 17, 2025 are

CONVERTED to, and shall remain in full force and effect as a preliminary

injunction until final judgment or further order of the Court. Specifically, Defendants and all persons or entities (whether existing now or in the future) acting in active concert or participation with any of them (collectively, "Enjoined Parties") are hereby PRELIMINARILY ENJOINED and RESTRAINED from:

(a)     Using the ANTHEM, BLUECARD, BLUE CROSS, or BLUE SHIELD word marks or logos, or any versions thereof, in connection with the offer of employee benefit plans, health insurance ID cards, or any other goods or services of Defendants; and

(b)     Assisting, aiding, or abetting any other person or entity in using the ANTHEM, BLUECARD, BLUE CROSS, or BLUE SHIELD word marks or logos, or any versions thereof (the "Plaintiffs' Marks"), in connection with the offer of employee benefit plans, health insurance ID cards, or any other goods or services of Defendants.[2]

2.     **Notice to Brokers, Agents, Other Intermediaries, and Purchasers.**

Within three (3) calendar days of the entry of this Order, the Enjoined Parties shall provide:

(a)     written notice of a copy of this Order to all brokers, agents, representatives, independent contractors, marketing partners, distributors, and any

_____

[2] The injunctions in this paragraph do not enjoin Defendants' use of Plaintiffs' Marks in connection with the marketing and sale of health insurance benefits pursuant to prior express written authorization and approval of Plaintiffs' counsel.

other persons or entities that have promoted, offered, or sold—on Defendants'

behalf—any health-insurance benefits, employee-benefit plans, identification

cards, or related services pertaining to LifeX or BHPI (collectively "Entity

Defendants") and purportedly associated with Plaintiffs. Such notice shall direct

each recipient immediately to cease all use of Plaintiffs' Marks in violation of the

preliminary injunctions contained in Paragraph 1 of this Order.

(b)    written notice of a copy of this Order to all persons or entities

believed to have purchased, enrolled in, or received any purported health-insurance

benefits, employee-benefit plans, or identification cards at issue in this action.

Such notice shall direct each recipient to immediately cease use of any

identification cards or materials bearing Plaintiffs' Marks and shall inform them

that the purported insurance or benefits are not authorized by Plaintiffs.

3.    **Recall and Destruction.**

Within three (3) calendar days of the entry of this Order, the Enjoined

Parties shall:

(a)    Recall from all brokers, agents, intermediaries, and employees any

and all identification cards, brochures, flyers, digital files, or other materials

bearing Plaintiffs' Marks pertaining to the Entity Defendants; and

(b)    Remove or permanently delete—at Defendants' expense—any

electronic or physical materials in their possession, custody, or control that bear

Plaintiffs' Marks in connection with the Entity Defendants, except that Defendants shall preserve a single archival copy of such materials solely for purposes of this litigation.

4.    **Compliance Report.**

Within five (5) calendar days of the entry of this Order, the Enjoined Parties shall file with the Court, and serve on Plaintiffs, a sworn written report setting forth in detail the steps each has taken to comply with this Order, including but not limited to:

(a)    Identification under seal and for Plaintiffs' attorneys' eyes only of every broker, agent, distributor, intermediary, and purchaser or enrollee notified under Paragraphs 2 and 3, specifying the date and manner of notification[3];

(b)    A description of all actions taken to remove Plaintiffs' Marks from websites, social-media accounts, printed materials, electronic advertising, identification cards, or any other media in connection with the Entity Defendants; and

(c)    Confirmation that Defendants have ceased issuing or distributing any identification cards, marketing materials, or other items bearing Plaintiffs' Marks in connection with the Entity Defendants.

5.    **Preservation of Evidence.**

---

[3] This information in the report shall not be used for any purpose other than in connection with this case.

The Enjoined Parties shall preserve, and shall not transfer, assign, dispose of, or destroy, any books, documents, records, emails, electronic files, or tangible things in their possession, custody, or control that relate to the creation, use, or distribution of any materials bearing Plaintiffs' Marks, the marketing or sale of any purported insurance products at issue in this action, or any revenues, costs, or profits derived therefrom.

6.    **Bond.**

The Court finds that Defendants will suffer no cognizable harm from the issuance of this preliminary injunction that would warrant the posting of security. Pursuant to Rule 65(c), the Court therefore exercises its discretion to require **no bond.**

7.    **Continuing Jurisdiction.**

The Court retains jurisdiction over this matter for the purpose of enforcing and/or modifying this Order and for all other purposes authorized by law.

SO ORDERED, this 30th day of July, 2025.

_____

WILLIAM M. RAY II

UNITED STATES DISTRICT JUDGE