## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ELEVANCE HEALTH, INC., an Indiana corporation, ANTHEM INSURANCE COMPANIES, INC., an Indiana corporation, BLUE CROSS AND BLUE SHIELD ASSOCIATION, an Illinois non-for-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LIFEX RESEARCH CORPORATION, a Georgia corporation, BENEFIT HEALTH PLAN, INC., a Wyoming corporation, STEPHEN TUCKER, an individual, RYSZARD BOLKO, an individual, WILLIAM MCCLURE, an individual, and KRISTIN BULLOCK, an individual,<br><br>Defendants. | Civil Action No. 1:25-cv-03590-WMR |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.      **Description of Case:**

      (a) **Describe briefly the nature of this action.**

      Plaintiffs Elevance Health, Inc.("Elevance"), Anthem Insurance

Companies, Inc. ("AIC"; Elevance and AIC to be collectively referred to as

"Anthem"), and Blue Cross Blue Shield Association ("BCBSA") (collectively,

"Plaintiffs") bring this action alleging trademark infringement, counterfeiting, false designation of origin, and trademark dilution under the Lanham Act, as well as unfair competition and dilution under Georgia law against Defendants. Plaintiffs claim Defendants unlawfully used the ANTHEM® and BLUECARD® word marks and the BLUE CROSS® and BLUE SHIELD® word marks and logos ("Plaintiffs' Marks").

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**Plaintiffs' Position:** Defendants affixed Plaintiffs' Marks to health insurance cards and marketing materials, falsely representing LifeX as an authorized client and group policy holder of Anthem Blue Cross and Blue Shield ("Anthem BCBS") health insurance – without Plaintiffs' knowledge, authorization, or consent. LifeX does not maintain any employee benefit plan with Anthem and is not affiliated with Plaintiffs in any way. Consumers purchasing this so-called benefits plan from LifeX will not receive the health insurance coverage that they believed they purchased because LifeX has no actual relationship with Plaintiffs and no authority to offer benefits under or related to an Anthem BCBS plan.

**Defendants' Position:** Defendant LifeX Research Corporation is a health research company that employs individuals to provide health data to LifeX. In exchange, those employees are paid and offered employee benefits, including an employee welfare benefit plan governed by ERISA (LifeX Health Plan). The LifeX Health Plan offers employees a variety of choices, including coverage levels and network options. Defendants wished to offer the Anthem network as an option to its employees. To that end, Defendants communicated with Plaintiffs and their agents to obtain an agreement to access Anthem's network and use Plaintiffs' Marks. Before securing such an agreement, Defendant Benefit Health Plan Inc. printed and distributed LifeX Health Plan ID cards containing Plaintiffs' Marks. Defendants object to Plaintiffs' summary of facts because it is argumentative and contains disputed facts.

### (c)  The legal issues to be tried are as follows:

1. Whether Defendants' use of Plaintiffs' Marks constitutes counterfeiting and trademark infringement under 15 U.S.C. § 1114.

2. Whether Defendants' use of Plaintiffs' Marks constitutes false designation of origin under 15 U.S.C. § 1125(a).

3. Whether Defendants' use of the ANTHEM® word mark and the BLUE CROSS® and BLUE SHIELD® word marks and logos constitutes trademark dilution under 15 U.S.C. § 1125(c).

4. Whether Defendants' use of Plaintiffs' Marks constitutes unfair competition under O.C.G.A. § 10-1-390 *et seq.*

5. Whether Defendant's use of Plaintiffs' Marks constitutes trademark dilution under O.C.G.A. § 10-1-451(b).

6. The proper measure of Plaintiffs' damages, if any, under 15 U.S.C. § 1117.

> **(d) The cases listed below (include both style and action number) are:**
>
> > **(1)  Pending Related Cases:**

None.

> > **(2)  Previously Adjudicated Related Cases:**

None.

> **2.    This case is not complex.**

**3.    Counsel:**

> **The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff:**

Robert N. Phillips

**Defendant:**

Kristopher R. Alderman

**4. Jurisdiction:**

    **Is there any question regarding this Court's jurisdiction?**

    _____Yes          _X_ No

    **If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5. Parties to This Action:**

    **(a) The following persons are necessary parties who have not been joined:**

None.

    **(b) The following persons are improperly joined as parties:**

None.

      **(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

      **(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. Amendments to the Pleadings:**

      **Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.**

      **(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:**

None.

      **(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.    Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8.    Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

Neither party objects to serving initial disclosures.

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference.

**10.    Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Discovery will be needed on at least the following topics:

**Plaintiffs' Proposed Topics:**

1.  Defendants' use of Plaintiffs' Marks;

2.  Defendants' marketing and promotion of services using Plaintiffs' Marks;

3.  The identity of Defendants' brokers of purported services bearing Plaintiffs' Marks;

4.  The identity of Defendants' enrollees, and their dependents, of purported services offered under Plaintiffs' Marks;

5.  Defendants' revenues and profits earned for purported services using Plaintiffs' Marks;

6.  Defendants' intent in adopting and using Plaintiffs' Marks;

7.  Communications between Defendants and their enrollees regarding the purported services using Plaintiffs' Marks;

8.  Communications between Defendants and their brokers and agents regarding the purported services using Plaintiffs' Marks;

9.  Defendants' internal communications regarding their use of Plaintiffs' Marks;

10.     Actual confusion stemming from Defendants' use of Plaintiffs' Marks.

**Defendants' Proposed Topics:**

11.    Actual damages sustained by Plaintiffs caused by Defendants' allegedly wrongful acts or omissions.

12.    Evidence of dilution of Plaintiffs' Marks caused by Defendants' allegedly wrongful acts or omissions.

13.    Communications between Plaintiffs and Defendants concerning LifeX's access or potential access to the Anthem network.

14.    Communications between Plaintiffs and non-parties concerning LifeX.

15.    Plaintiffs' internal communications and communications with one another regarding LifeX.

16.    Plaintiffs' policies, practices, and procedures for allowing self-funded group health plans access to the Anthem network.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties do not anticipate needing additional time beyond that allowed by the assigned discovery track.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None.

**(b) Is any party seeking discovery of electronically stored information?**

**X Yes     No**

**If "yes,"**

**(1)  The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

If necessary, the parties will exchange requests for production and then meet

and confer concerning scope of production.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

- ESI shall be produced as text searchable PDFs, one PDF file per document, together with the native file and a load file containing metadata. In the event a document is redacted, the producing party shall withhold the native file and redacted text.

- The parties will confer about the metadata required to be produced, if available, for their productions, if any.
- Bates labels shall be applied to the PDF images but not to the native files.
- For emails with attachments and other documents with a parent-child relationship, documents shall be maintained in a document collection using appropriate fields in a load file, such as Begin Family and End Family fields, and document images shall be produced with sequentially numbered Bates labels.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties intend to move for entry of a protective order governing the disclosure of confidential information.

**13. Settlement Potential:**

**(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 12, 2025, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For plaintiff: Lead counsel (signature): */s/Robert N. Phillips*

Other participants:    Seth B. Herring

For defendant: Lead counsel (signature): */s/Kristopher R. Alderman*

Other participants:

**(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

> **(X) A possibility of settlement before discovery.**
>
> **(__) A possibility of settlement after discovery.**
>
> **(__) A possibility of settlement, but a conference with the judge is needed.**
>
> **(__) No possibility of settlement.**

**(c)   Counsel (X) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is** September 2, **2025.**

**(d)   The following specific problems have created a hindrance to settlement of this case.**

None.

**14. Trial by Magistrate Judge:**

> **Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

> **(a)   The parties (____) do consent to having this case**

tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day ___, of 2025.

(b)    The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

*/s/ Kristopher R. Alderman*
Kristopher R. Alderman
Georgia Bar No. 179645
THE SUMMERVILLE FIRM, LLC
1226 Ponce de Leon Avenue
Atlanta, Georgia 30306
kris@summervillefirm.com
T: (770) 635-0030
F: (770) 635-0029

**Counsel for Defendants**

*/s Seth B. Herring*
David W. Long-Daniels
REED SMITH LLP
999 Peachtree Street NE
Suite 2500
Atlanta, GA 30309
Dlong-daniels@reedsmith.com

Robert N. Phillips
Seth B. Herring
Fatima Mobin
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
robphillips@reedsmith.com
sherring@reedsmith.com
fmobin@reedsmith.com

**Counsel for Plaintiffs**

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2025.

_____
THE HONORABLE WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 5.1, the undersigned hereby certifies that

the foregoing response was prepared using 13-point Century Schoolbook font.

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have this day served a copy of the foregoing **JOINT**

**PRELIMINARY REPORT AND DISCOVERY PLAN** by serving it

through the Court's e-filing system and emailing it to all counsel of record.

David W. Long-Daniels
REED SMITH LLP
999 Peachtree Street NE
Suite 2500
Atlanta, GA 30309
Dlong-daniels@reedsmith.com

Robert N. Phillips
Seth B. Herring
Fatima Mobin
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
robphillips@reedsmith.com
sherring@reedsmith.com
fmobin@reedsmith.com

Dated:  August 27, 2025.

*/s/ Kristopher R. Alderman*
Kristopher R. Alderman